JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
DOUGLAS A. GREER - State Bar No. 129987
dgreer@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
12401 Wilshire Blvd., Second Floor
Los Angeles, CA 90025-1089
Telephone:   (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
Century Surety Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, a corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>L FOR LOFTS, LLC, a limited liability corporation, WILFRED YANG, an individual, and EDUARDO HO, an individual,<br><br>             Defendants. | Case No.: 2:23−cv−06151 GW (PDx)<br><br>Assigned to Judge George H. Wu; Magistrate Judge Patricia Donahue<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT; DECLARATION OF JOHN E. PEER**<br><br>[Filed concurrently with the Declaration of Aaron Falvo]<br><br>Date:         November 13, 2025<br>Time:         8:30 a.m.<br>Ctrm:         9D<br><br>Filing Date:     7/28/23 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 13, 2025 at 8:30 a.m. or as soon thereafter as this matter may be heard, before the Hon. George H. Wu, Courtroom 9D, First Street Courthouse, 350 West First Street, Los Angeles, California, or via any other platform chosen by the Court, plaintiff CENTURY SURETY COMPANY ("Century" or "Plaintiff") will and hereby does move this Court for an order relieving

Century from judgment. Fed. R. Civ. Proc. 60(b). In part, the judgment entered on January 8, 2025, provides: "For the reasons stated in this Court's Final Ruling on Plaintiff's Motion [54], Plaintiff's Motion is GRANTED with respect to its claim against Defendants for $104,086.95 in reimbursement for costs Plaintiff paid in the defense of the Underlying Actions[.]" Dkt. 55, p. 2.

Defendants L for Lofts, LLC ("L For Lofts"), Wilfred Yang, and Eduardo Ho (collectively "Defendants") appealed. While the case was on appeal, Century continued to pay for Defendants' defense in *Emily Dobbs, et al. v. L for Lofts LLC, Wilfred Yang*, Los Angeles Superior Court Case Number 22STCV17848 and *Virginia Viera v. L for Lofts, LLC*, Los Angeles Superior Court Case No. 22STCV36884 (collectively the "Underlying Actions").

The Ninth Circuit has dismissed the appeal. Dkt. 62. There is new evidence establishing that Century paid $302,256.00 to defend L For Lofts in the Underlying Action while this case was on appeal. The evidence could not have been presented prior to entry of judgment because it did not exist. Therefore, the Court should relieve Century of the final judgment entered on January 8, 2025 [Dkt. 55], and enter a new judgment that accounts for the cost of defense that Century paid before and during the appeal, that is $406,342.95. ($104,086.95 + $302,256.00 = $406,342.95)

This motion is made pursuant to Federal Rules of Civil Procedure, Rule 60(b). This Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the declarations of John E. Peer and Aaron Falvo, all judicially noticed facts, the records and pleadings on file herein, and any oral or documentary evidence that may be submitted to the Court.

///
///
///
///

2

On August 26, 2025, counsel for Plaintiff sent meet and confer correspondence to L For Lofts, LLC, Wilfred Yang, and Eduardo Ho regarding the issues raised by this motion as required by the local rules. (Declaration of John E. Peer ("Peer Dec.") attached hereto, ¶ 2, Exhibit 1.)   L For Lofts, Mr. Yang, and Mr. Ho did not respond to Plaintiff's August 26, 2025, meet and confer correspondence. (Peer Dec., ¶ 2.)

DATED: October 8, 2025

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation


  /s/John E. Peer
JOHN E. PEER
DOUGLAS A. GREER
Attorneys for Plaintiff
CENTURY SURETY COMPANY

## I. INTRODUCTION

The Court should relieve Plaintiff Century Surety Company ("Century") from the final judgment in this insurance coverage case. The judgment requires Defendants L for Lofts, LLC ("L For Lofts"), Wilfred Yang, and Eduardo Ho (collectively "Defendants") to reimburse Century $104,086.95 for costs that Century paid in the defense of two underlying lawsuits. Dkt. 55, p. 2. After the Court entered judgment, Defendants appealed. While the case was on appeal, Century continued to defend L For Lofts in the underlying lawsuits. The Ninth Circuit dismissed the appeal. Consequently, there are new and previously unsubmitted defense costs that should be added to the judgment. The Court should grant this motion because the new defense costs did not exist at the time judgment was entered and less than a year has elapsed since entry of judgment. As explained below, the judgement should require Defendants to reimburse Century $406,342.95.

## II. PERTINENT FACTS & PROCEDURAL HISTORY

"This case is an insurance coverage action that arises from a building fire in downtown Los Angeles." Dkt. 54, p. 2. "Defendants have been sued in two lawsuits related to the fire (the 'Underlying Actions')." *Id.* at 3. Century "agreed to defend L For Lofts in the Underlying Actions under a reservation of rights, including the right to seek reimbursement of defense costs in the event it was determined there was no coverage for the Underlying Actions under the Policy." *Id.* at 3-4.

"On July 28, 2023, Century filed the instant action in this Court against Defendants seeking declaratory relief that it has no duty to defend or indemnify Defendants for claims related to the fire and for reimbursement of any payments Century makes in defense of such claims under its reservation of rights." *Id.* at 4. On July 26, 2024, Century filed a motion for summary judgment. Dkt. 22. "Defendants [did] not contest or in any way address in their opposition the propriety of Century seeking reimbursement for its defense costs in the Underlying Action, except, of

course, from arguing that coverage exists under the Policy." Dkt. 54 at p. 17. Further, Defendants did not raise any substantive argument in opposition to the "procedure used to determine how much to award in reimbursement." *Id.* at 16.

On January 6, 2025, the Court granted Century's motion for summary judgment against Defendants. *Id.* at 2. The Court entered judgment in favor of Century and against Defendants on January 8, 2025. Dkt. 55. The judgment provides, in part, as follows: "For the reasons stated in this Court's Final Ruling on Plaintiff's Motion [54], Plaintiff's Motion is GRANTED with respect to its claim against Defendants for $104,086.95 in reimbursement for costs Plaintiff paid in the defense of the Underlying Actions[.]" *Id.* at p. 2.

Defendants appealed. Dkt. 57, p 2. However, on June 20, 2025, the Ninth Circuit issued an order: "Appellants did not file the opening brief by the due date. This appeal is therefore dismissed. See 9th Cir. R. 42-1. [¶]  This order becomes the mandate of the court in 21 days." Dkt. 62.

While the appeal was pending, Century continued to pay for L For Loft's defense in the Underlying Actions. Declaration of Aaron Falvo attached hereto ("Falvo Dec."), ¶ 2 & exhibits attached thereto. For the period between January 13, 2025, to August 21, 2025, Century paid defense fees and costs in the amount of $302,256.00 to defend L For Lofts in the Underlying Actions. Falvo Dec., ¶ 2 & exhibits attached thereto.

In total, the judgment should be for $406,342.95 because that is the sum of $104,086.95 (dkt. 55, p. 2) and $302,256.00 (Falvo Dec., ¶ 2 & exhibits attached thereto).

### III.  ARGUMENT

The Court should revise the judgment to account for the new and previously unsubmitted costs and expenses that Century paid to defend L For Lofts in the Underlying Actions.

5

Rule 60(b) of the Federal Rules of Civil Procedure provides "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: [¶] (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Such a motion must be made "within a reasonable time . . . no more than a year after the entry of the judgment . . . ." Fed. R. Civ. Proc. 60(c).

Here, Century is entitled to "reimbursement for costs Plaintiff paid in the defense of the Underlying Actions[.]" Dkt. 55, p. 2. After the Court entered judgment on January 8, 2025, Defendants appealed. While the case was on appeal, Century continued to pay for the defense of L For Lofts in the Underlying Action. Falvo Dec., ¶ 2 & exhibits attached thereto. However, on June 20, 2025, the Ninth Circuit ordered the appeal dismissed and stated that the "order becomes the mandate of the court in 21 days." Dkt. 62. Under these circumstances, the costs of defense while this case was on appeal could not have been presented with Century's motion for summary judgment because they did not exist. The costs were only discovered (and came into existence) after this Court entered judgment. This motion was filed within a reasonable amount of time after the dismissal of the appeal became the mandate of the Ninth Circuit and less than a year after entry of the judgment.

Therefore, the Court should relieve Century of the final judgment and enter a new judgment that accounts for the new and previously unsubmitted cost of defense that Century paid. As discussed above, "Defendants [did] not contest or in any way address in their opposition the propriety of Century seeking reimbursement for its defense costs in the Underlying Action, except, of course, from arguing that coverage exists under the Policy." Dkt. 54, p. 17. Thus, the judgment should require Defendants to reimburse Century $406,342.95.

///

///

## IV. CONCLUSION

For the reasons stated herein and in the accompanying declarations, Century respectfully requests that the Court grant this motion to relieve Century of the final judgment and enter a new judgment that accounts for the cost of defense that Century paid before and during the appeal.

DATED: October 8, 2025

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation

/s/John E. Peer
JOHN E. PEER
DOUGLAS A. GREER
Attorneys for Plaintiff
CENTURY SURETY COMPANY

# DECLARATION OF JOHN E. PEER

I, John E. Peer, declare:

1. I am an attorney licensed to practice in the State of California and the Central District of California. I am a Shareholder of Woolls Peer Dollinger & Scher, APC, counsel of record for plaintiff CENTURY SURETY COMPANY ("Century" or "Plaintiff") in this action. I have personal knowledge of the matters stated herein and if called upon to testify as a witness, I could and would competently testify thereto.

2. On August 26, 2025, I sent a meet and confer letter to L For Lofts, LLC, Wilfred Yang, and Eduardo Ho regarding the issues raised by this motion as required by the local rules. L For Lofts, LLC, Mr. Yang, and Mr. Ho did not respond to my August 26, 2025, meet and confer correspondence. Attached hereto as **Exhibit 1** is a true and correct copy of my August 26, 2025, meet and confer letter to L For Lofts, LLC, Mr. Yang, and Mr. Ho.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 8, 2025, at Los Angeles, California.

                                                    /s/John E. Peer
                                                    John E. Peer

# Exhibit 1



# Exhibit 1

232330.1



| | | |
|---|---|---|
| 12401 WILSHIRE BLVD., SECOND FLOOR<br>LOS ANGELES, CA 90025-1089<br><br>TELEPHONE:  (213) 629-1600<br>FACSIMILE:   (213) 629-1660 | **Woolls Peer<br>Dollinger<br>& Scher**<br><br>A PROFESSIONAL CORPORATION | JOHN E. PEER<br><br>DIRECT DIAL: (213) 629-8791<br>E-MAIL: JPEER@WPDSLAW.COM |

August 26, 2025

**VIA EMAIL**

L For Lofts, LLC
Wilfred Yang
Eduardo Ho
2801 Warren Way
Arcadia, CA 91007-8449
edho262sla@gmail.com
wilfredyang33@gmail.com

    Re:   *Century Surety Company v. L for Lofts, LLC, et al*
           USDC Case No. 2:23-CV-06151-GW-PDx
           Our File No.: 15412

Dear L For Lofts, Mr. Yang, and Mr. Ho:

      My understanding is that you are not represented by an attorney.  If I am mistaken, please forward this correspondence to your attorney and ask him or her to contact me.

      The purpose of this letter is to meet and confer pursuant to Local Rule 7-3. The judgment entered on January 8, 2025 provides: "For the reasons stated in this Court's Final Ruling on Plaintiff's Motion [54], Plaintiff's Motion is GRANTED with respect to its claim against Defendants for $104,086.95 in reimbursement for costs Plaintiff paid in the defense of the Underlying Actions[.]"  Dkt. 55, p. 2.  Defendants L for Lofts, LLC, Wilfred Yang, and Eduardo Ho (collectively "Defendants") appealed.  While the case was on appeal, Century Surety Company ("Century" or "Plaintiff") continued to pay for Defendants' defense in *Emily Dobbs, et al. v. L for Lofts LLC, Wilfred Yang*, Los Angeles Superior Court Case Number 22STCV17848 and *Virginia Viera v. L for Lofts, LLC*, Los Angeles Superior Court Case No. 22STCV36884 (collectively the "Underlying Actions").  The Ninth Circuit has dismissed the appeal.  Dkt. 62. There is new evidence that proves that Century paid a total of $403,167.51 to defend Defendants in the Underlying Actions, including while this case was on appeal.

1216075.1

August 26, 2025
Page 2

      Therefore, we request that Defendants stipulate to amend the judgment so that it requires Defendants to reimburse Century $403,167.51 for costs that Century paid in defense of the Underlying Action. Otherwise, we will move the Court for an order to relieve Century from the final judgment and enter a new judgment that accounts for the cost of defense that Century paid before and during the appeal, that is $403,167.51. Fed. R. Civ. Proc. 60(b)(2).

      Please let us know your availability for a telephone call or video conference to meet and confer regarding the issues raised in this letter. We respectfully request your response by the close of business on September 4, 2025.

      Sincerely,

      John E. Peer